UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INSIGHT DIRECT USA, INC., | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:17-CV-252-RP |
| CHRISTOPHER KELLEHER, | § § § | |
| Defendant. | § § § | |

## **ORDER**

Before the Court is Defendant Christopher Kelleher's ("Defendant") Motion for Reconsideration of Temporary Restraining Order. (Dkt. 21). After considering Defendant's Motion, Plaintiff's Response, and the relevant law, the Court hereby **DENIES** Defendant's Motion.

### I. Overview

This suit involves an alleged breach of a non-compete covenant. The Court held a hearing on Plaintiff's Application for a Temporary Restraining Order on March 31, 2017. (*See* Dkt. 16). It issued an Order granting Plaintiff's Application on April 5, 2017. (Dkt. 19). In that Order, the Court directed the parties to file a written notice identifying potential dates for a preliminary injunction hearing. (*Id.* at 7). On April 6, 2017, Defendant filed the instant motion. (Dkt. 21).

### II. Legal Standards

Rule 54(b) allows a court to revise an interlocutory order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b). The Federal Rules of Civil Procedure do not, however, specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Motions for reconsideration from interlocutory orders are generally governed by the standards for Rule 59(e)

1

motions. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); *Magallanes v. Ford Motor Co.*, No. EP-13-CV-00175-DCG, 2014 WL 12588335, at *1–2 (W.D. Tex. June 19, 2014).

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate where there has been an intervening change in controlling law. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also In re Goff*, 579 F. App'x 240, 245 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances.").

### III. Discussion

As a preliminary matter, the Court notes that Defendant's Motion includes no discussion of the applicable legal standard. (*See generally* Mot. Reconsideration, Dkt. 21). Therefore, while the Court applies Rule 59(e) in reviewing the Motion, it does so absent any argument from Defendant that he has met the substantial burden described above.

In articulating his request for relief, Defendant argues first that the Court's order, because it does not set an expiration date for the temporary restraining order, is a "*de facto* preliminary injunction for purposes of review." (*Id.* at 2). Defendant further asserts that the Court "conflated the Agreements' definition of 'Competing Business' . . . with the scope of activity restrained by the non-compete provisions and "expressly 'decline[d] to reform the non-compete covenants at this point,' but then proceeded to reform the covenants anyway." (*Id.* at 3–5). According to Defendant, "this reformation and enforcement . . . is extremely premature under Texas law" and "defies the purpose

2

of a temporary restraining order, which is to hold the status quo in place until the Court has an opportunity to consider the propriety of more lasting relief." (*Id.* at 6).

Defendant's first argument—that the temporary restraining order in question should be considered a *de facto* preliminary injunction for purposes of review—is unsupported by applicable law. It is true that an "ex parte order that purports to be of indefinite duration is a preliminary injunction rather than a temporary restraining order," *United States v. Holy Land Found. Relief and Dev.*, 445 F.3d 771, 789 (5th Cir. 2006); so too would be a temporary restraining order that "continued beyond the time permissible under Rule 65," *Sampson v. Murray*, 415 U.S. 61, 86 (1974). In the instant case, however, neither of these situations applies. The Court's Order was not issued ex parte, but followed a hearing at which both parties appeared. The Order also does not purport to be of indefinite duration, but instead explicitly directs the parties to advise the Court as to their preferred date for a hearing on Plaintiff's request for preliminary injunction. Finally, while the Order does not set an explicit expiration date, nothing in the Order suggests that the relief granted therein will extend past the fourteen-day deadline provided by Federal Rule of Civil Procedure 65(b)(2). The Order therefore is not a preliminary injunction and is not appealable under 28 U.S.C. § 1292(a)(1). *See Turner v. Epps*, 460 F. App'x 322, 325–26 (5th Cir. 2012) (per curiam) (noting that a temporary restraining order is immediately appealable when it "ha[s] the same practical effect as the granting of a preliminary injunction").

Defendant's second argument—that the Court "conflated the Agreements' definition of 'Competing Business' . . . with the scope of activity restrained"—neither raises a manifest error of law or fact nor presents newly discovered evidence. The argument is therefore not an appropriate ground for relief under Rule 59(e), and the Court declines to address it further. *See Ross*, 426 F.3d at 763 (5th Cir. 2005).

Defendant finally argues that the Court, though it expressly declined to reform the non-compete covenants, in fact did so, and that "Texas law is quite clear that reformation of an overly-broad non-compete agreement is wholly inappropriate at a temporary restraining order or preliminary injunction hearing." (Mot. Reconsider, Dkt. 21, at 4). Defendant's assertion regarding the state of Texas law is incorrect. Of the two cases Defendant cites in support of his position—*Sentinel Integrity Solutions* and *Gray Wireline*—one has been rejected by Texas courts, and the other predates contrary authority. *See Tranter, Inc. v. Liss*, No. 02-13-000167-CV, 2014 WL 1257278, at *10 (Tex.App.—Fort Worth, Mar. 27, 2014, no pet.) (noting the defendant's reliance on *Gray Wireline Serv., Inc. v. Cavanna*, 374 S.W.3d 464 (Tex.App.—Waco 2011, no pet.) but holding that "reformation is not only a final remedy"); *Sentinel Integrity Sols., Inc. v. Mistras Group, Inc.*, 414 S.W.3d 911, 920 (Tex.App.—Houston [1st Dist.] 2013, pet. denied). Indeed, Texas courts have repeatedly reformed non-compete covenants at the temporary restraining order or preliminary injunction stage.[1] *See, e.g.*, *Tranter,* 2014 WL 1257278, at *10 (reviewing cases); *McKissock, LLC v. Martin*, No. EP-16-CV-400, 2016 WL 8138815, at *9 (W.D. Tex. Nov. 10, 2016) (reforming a non-compete covenant while granting a preliminary injunction). Defendant has therefore failed to demonstrate a manifest error of law, as required by Rule 59(e). *See Ross*, 426 F.3d at 763 (5th Cir. 2005).

### IV. Conclusion

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion for Reconsideration, (Dkt. 21).

**SIGNED** on April 10, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant takes issue with the Court's previous reliance on *TransPerfect Translations, Inc. v. Leslie*, 594 F. Supp. 2d 742, 756 (S.D. Tex. 2009), in light of the subsequent *Sentinel* ruling. (Mot. Reconsider, Dkt. 21, at 8 n.4). Given the rulings in *Tranter* and *McKissock*, however, the Court is unconvinced that its reliance on *TransPerfect* was misguided.