UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INSIGHT DIRECT USA, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-CV-252-RP |
| CHRISTOPHER KELLEHER, | § § § | |
| Defendant. | § § § | |

# **ORDER**

On April 5, 2017, this Court entered a Temporary Restraining Order enjoining Defendant Christopher Kelleher ("Defendant") from violating certain terms "pending a preliminary injunction hearing." (TRO, Dkt. 19, at 6). On April 11, 2017, this Court entered an Order regarding the Joint Proposed Expedited Discovery and Hearing Schedule submitted by the parties. (Dkt. 27). That Order, pursuant to the request of both parties, set a preliminary injunction hearing for April 28, 2017.

Federal Rule of Civil Procedure 65(b)(2) provides that an ex parte temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Several courts have found that time limitation to apply to Temporary Restraining Orders issued with notice. *See Riels v. Bank of America, N.A.*, No. 2:14-CV-57-KS-MTP, 2014 WL 4964185, at *2 n.3 (S.D. Miss. Oct. 3, 2014) (collecting cases).

Rule 65(b)(2) does not define "good cause," and there are few decisions that meaningfully define the standard. Temporary Restraining Orders—Duration and Modification, 11A Fed. Prac. & Proc. Civ. § 2953 (3d ed.) Generally, however, "a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient." *Flying Cross Check, L.L.C. v.*

1

*Cent. Hockey League, Inc.*, 153 F.Supp.2d 1253, 1260 (D. Kan. Mar. 8, 2011) (quoting 11A Fed. Prac. & Proc. Civ. § 2953 (1995)). "Good cause" may also include a joint representation by the movant and nonmovant that they would prefer a preliminary injunction hearing be set more than 14 days after the entry of the Temporary Restraining Order. *See, e.g.*, *Xtria, LLC v. Intern. Ins. All., Inc.*, No. 3:09-CV-2228-G, 2009 WL 4756365, at *5 (N.D. Tex., Dec. 11, 2009) (finding that good cause existed to extend a temporary restraining order to accommodate discovery); *S.E.C. v. Unifund Sal*, 910 F.2d 1028, 1034 (2d Cir. 1990) ("Nothing in Rule 65 . . . prevents a district court from continuing a TRO while reserving decision on a motion for preliminary injunction").

Here, nothing suggests that the grounds for granting the temporary restraining order will no longer exist after the 14 day period has expired. The facts presented at the hearing on Plaintiff's Application for a Temporary Restraining Order, in fact, suggest the grounds will continue far beyond that period. In addition, the parties jointly proposed an expedited discovery and hearing schedule that called for the preliminary injunction hearing to be set more than 14 days after the entry of the Temporary Restraining Order. The Court therefore concludes that good cause exists to extend the Order. **IT IS THEREFORE ORDERED** that the Temporary Restraining Order active in this matter, (Dkt. 19), remain in effect until either 11:59 p.m. on May 3, 2017, or this Court's final decision on Plaintiff's application for a preliminary injunction, whichever comes first.[1]

**SIGNED** on April 11, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Temporary Restraining Order will thus remain in effect for—at most—a total of 28 days, as is permitted by federal law. *See U.S. D.I.D. Corp. v. Windstream Comms., Inc.*, 775 F.3d 128, 132 n.2 (2nd Cir. 2014) ("A TRO cannot exceed fourteen days unless the district court, "for good cause," extends it for another period of no more than fourteen days; a TRO lasting longer than twenty-eight days requires that the adverse party consent."); *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, XX (7th Cir. 2012) ("[T]he language of Rule 65(b)(2) and the great weight of authority support the view that 28 days is the outer limit for a TRO without the consent of the enjoined party.").